## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BARBARA MRZLAK BRUNDO, Ed.D,** | ) | **CASE NO. 8:09CV213** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM** |
| **REV. STEVEN STILLMUNKS,** | ) | **AND ORDER** |
| **Registered Agent, Christ the King** | ) | |
| **Catholic Church & School, MS.** | ) | |
| **LARRAINE CONWAY, Principal,** | ) | |
| **Christ the King School, and MR.** | ) | |
| **CHRIS SEGRELL, Assistant** | ) | |
| **Principal, Christ the King School,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on Defendants' Motion to Dismiss (Filing No. 12) and Motions for Sanctions (Filing Nos. 14 and 15).  Plaintiff filed her Complaint in this matter on June 29, 2009.  (Filing No. 1.)

### I. BACKGROUND

Plaintiff's Complaint represents her eighteenth attempt to bring claims against various Catholic church parishes and individuals.  (*See, e.g.,* Case No. 8:04CV209; Case No. 8:08CV209; Case No. 8:08CV477.)  In Case No. 8:08CV209, the court chronicled "Plaintiff's long and abusive litigation history against these, or similar, Defendants."  (Case No. 8:08CV209, Filing No. 32 at CM/ECF p. 1-2.)  To prevent further abuse, the court dismissed Case No. 8:08CV209 with prejudice and awarded Rule 11 sanctions to Defendants.  (Case No. 8:08CV209, Filing Nos. 32 and 33.)  Three months later, in Case No. 8:08CV477, the court addressed claims nearly identical to those asserted in Case No. 8:08CV209.  (Case No. 8:08CV477, Filing No. 32.)  Again, the court dismissed Case No. 8:08CV477 with prejudice and awarded Rule 11 sanctions to Defendants.  (*Id.*)  In addition,

the court barred Plaintiff from filing cases in this court without the court's leave.  (*Id*. at CM/ECF p. 4.)  The court specifically stated that "[a]ny future case proposed to be filed in this court by Plaintiff shall be referred to the Chief Judge, or his designee, for review before filing, and the Clerk of the court is directed not to file any such case until this review has been completed."  (*Id*.)  One day before the court entered this order, Plaintiff filed her current case.  (*Compare* Filing No. 1 (filed June 29, 2009) *with* Case No. 8:08CV477, Filing No. 32 (entered June 30, 2009).)

## II. ANALYSIS

The court has carefully reviewed the record in this matter.  Once again, Plaintiff's claims are nearly identical to those asserted in her prior cases.  For the same reasons set forth in Case No. 8:08CV209 and Case No. 8:08CV477, Plaintiff's claims are dismissed.[1]

In addition, the court will sanction Plaintiff for attempting to bring Title VII,  Nebraska Fair Employment Practices Act ("NFEPA"), and Nebraska Age Discrimination in Employment Act ("ADEA")[2] claims against individual Defendants.  As discussed above, Plaintiff has been warned on no fewer than seventeen occasions that suits under Title VII, NFEPA, ADEA, and other state and federal statutes cannot be brought against individuals. (Case No. 8:04CV209, Filing No. 45 at CM/ECF pp. 4-5; Case No. 8:08CV209, Filing No. 32; Case No. 8:08CV477, Filing No. 32.)  Plaintiff has not submitted, nor has the court found,  any cases indicating that the law has changed since the court's prior orders

---

[1]To be clear, the court adopts and incorporates Filing No. 32 in Case No. 8:08CV209, and Filing No. 32 in Case No. 8:08CV477, as part of this Memorandum and Order.

[2]The court liberally construes Plaintiff's claims to allege violations of these statutes, although the allegations are difficult to decipher.

2

sanctioning Plaintiff.  (*See, e.g.,* Case No. 8:04CV209, Filing No. 45 at CM/ECF p. 8; Case No. 8:08CV209, Filing No. 32; Case No. 8:08CV477, Filing No. 32.)  Thus, the court finds that this matter is "being presented for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b).

As set forth in Federal Rule of Civil Procedure 11, before a party may request sanctions, it must first notify the offending party of the specific conduct alleged to violate Rule 11, and permit the offending party to withdraw or correct the challenged conduct. Fed. R. Civ. P. 11(c)(1-2).  If the offending party does not withdraw or correct its conduct within 21 days, the court may impose appropriate sanctions which "suffice[] to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  Defendants complied with Rule 11 by sending a letter to Plaintiff on September 25, 2009.  (Filing No. 17-1 at CM/ECF pp. 3, 24-25.)  In that letter, Defendants reminded Plaintiff that the court had sanctioned her on three separate occasions for filing claims nearly identical to those in her current case.  (*Id.* at CM/ECF p. 25.)  Defendants also requested that Plaintiff amend her Complaint and dismiss all individual Defendants. Because Plaintiff refused to do so, sanctions are appropriate.

Plaintiff is sanctioned in the amount of $2,350.00, the amount of reasonable attorney fees requested by Defendants.  This amount represents Defendants' cost to review Plaintiff's pleading, prepare the September 25, 2009 letter to Plaintiff, and draft the Motion to Dismiss and Motions for Sanctions.  (*Id.* at CM/ECF p. 4.)

IT IS THEREFORE ORDERED that:

1.    Defendants' Motions for Sanctions (Filing Nos. 14 and 15) are granted. Plaintiff is sanctioned, and Defendants are awarded attorney fees in the amount of $2,350.00;

3

2.      Defendants' Motion to Dismiss (Filing No. 12) is granted;

3.      Plaintiff's Complaint (Filing No. 1) is dismissed with prejudice;

4.      All other pending motions are denied; and

5.      A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 11th day of March, 2010.

                                    BY THE COURT:


                                    s/Laurie Smith Camp
                                    United States District Judge

_____

        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4